**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

PEDRO L. RENTAS REYES,                        CASE NO. 12-02164 EAG

      DEBTOR.                              CHAPTER 7

_____

NOREEN WISCOVITCH RENTAS, as Trustee
for the Estate of Pedro L. Rentas Reyes,

      PLAINTIFF,                            ADV. PROCEEDING NO. 15-00238

   v.

NORMA LUZ HERNANDEZ MONTERO,                   FILED & ENTERED ON 06/29/2017

      DEFENDANT.
_____

**OPINION AND ORDER**

Pending before the court is a motion for summary judgment brought by the chapter 7 trustee (the "trustee") on her complaint to sell real property purchased by the debtor and his non-filing spouse pre-petition. (Adv. Dkt. No. 17.) For the reasons stated herein, the trustee's motion is hereby granted.

**I.  JURISDICTION**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11

Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.).[1] This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II.  PROCEDURAL HISTORY

On March 23, 2012, debtor Pedro L. Rentas Reyes ("Mr. Rentas") filed a voluntary petition under chapter 7 of the Bankruptcy Code.  (Bankr. Dkt. No. 1.)  Mr. Rentas listed a house in schedule A located in Ponce, Puerto Rico, which he estimated to be worth $95,000.00.  Id.  The debtor claimed the entire amount as exempt in schedule C under section 522(b)(3) and the Puerto Rico Homestead Act.  Id.; see P.R. Laws Ann. tit. 31, § 1858 et seq.

The trustee objected to the claimed exemption, arguing, among other things, that the debtor could not declare the property his homestead since he did not reside there. (Bankr. Dkt. Nos. 13, 20, 27 & 56.)  The trustee alleged that while Mr. Rentas had purchased the property years earlier with his wife, Norma Luz Hernandez Montero ("Ms. Hernandez"), the two had since separated, and she was living at the property, not him.  Id.  The couple has no minor children.  Id.  After reluctantly admitting that he did not reside in the property, the debtor clarified that he was seeking to claim the exemption on Ms. Hernandez's behalf.  (Bankr. Dkt. Nos. 55 & 57.)  The court granted the trustee's objection, but in so doing noted that the issue of whether Ms. Hernandez was entitled to claim the homestead exemption on her own behalf was not before it.  (Bankr. Dkt. No. 75.)

---

[1]Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11of the United States Code, 11 U.S.C. §§101-1532, as amended.  All references to "Bankruptcy Rule"are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule"are to the Federal Rules of Civil Procedure.  All references to "Local Bankruptcy Rule"are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico.  And all references to "Local Civil Rule"are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

On September 21, 2015, the trustee filed an adversary complaint against Ms. Hernandez, seeking to sell the property under section 363(h) and then distribute half of the proceeds to her after paying administrative expenses. (Adv. Dkt. No. 1.) Ms. Hernandez did not answer the complaint, and on January 27, 2016, default was entered. (Adv. Dkt. No. 12.) On August 23, 2016, the trustee moved for summary judgment, which is also unopposed. (Adv. Dkt. No. 17.)

Before reaching the merits of that motion, the court must first briefly address another matter. Since this court granted the trustee's objection to exemption on April 22, 2014, there have been some intervening developments in the bankruptcy court's case law regarding the Puerto Rico Homestead Act that call into question our prior ruling. See In re Velez, 2015 Bankr. LEXIS 2330 (Bankr. D.P.R. July 15, 2015); In re Díaz Collazo, 524 B.R. 431 (Bankr. D.P.R. 2015); and In re Colon, 525 B.R. 1 (Bankr. D.P.R. 2015). Particularly relevant here, this court held in Velez that:

> the Puerto Rico Homestead Act does not require that [a debtor] use as a residence the . . . property for it to be protected by the Act. Eg. P.R. Laws Ann. tit. 31, § 1858 (protects property of individual which is "occupied by him/her or his/her family exclusively as a principal residence"); § 1858c (protection may continue, after one spouse abandons family, for benefit of spouse or children still occupying home); § 1858d (protection may also continue in case of temporary lease of home).

In re Velez, 2015 Bankr. LEXIS 2330, at *4-*5 (Bankr. D.P.R. July 15, 2015). Under this holding, Mr. Rentas could have himself claimed the homestead exemption on the real property under section 522(b)(3) and the Puerto Rico Homestead Act despite not living there, which runs contrary to what this court previously held.

3

So, on January 11, 2017, this court ordered the trustee to show cause:

> as to why the court's order in the main bankruptcy case at docket number 75 granting the trustee's objection to the homestead exemption should not be vacated and the complaint in adversary proceeding 15-00238 be dismissed due to subsequent changes in controlling law regarding whether a debtor must reside in the property in order to claim the homestead exemption under the Bankruptcy Code, specifically this court's decision in In re Velez, 2015 Bankr. LEXIS 2330 (Bankr. D.P.R. July 15, 2015), In re Díaz Collazo, 524 B.R. 431 (Bankr. D.P.R. 2015), and In re Colon, 525 B.R. 1 (Bankr. D.P.R. 2015), and whether because to hold otherwise would work a manifest injustice against Ms. Hernandez, debtor's non-filing spouse.

(Adv. Dkt. No. 26; Bankr. Dkt. No. 91.)

In her response, the trustee first pointed out that no party had moved the court to reconsider its prior ruling in the nearly three years that had passed since the court granted the trustee's objection, and then went on to argue why the court was correct in granting the objection in the first place. (Adv. Dkt. No. 28; Bankr. Dkt. No. 93.) While the court stands behind its subsequent decision in Velez, it is true that there is no evidence on the record that shows that the court's order granting the trustee's objection to exemption, nor the pending sale of the real property, would "work a manifest injustice against Ms. Hernandez." (Adv. Dkt. No. 26; Bankr. Dkt. No. 91). Indeed, she may stand to benefit from it.

Nor is there a strong legal argument for reconsideration under Rule 60(b). See Fed. R. Civ. P. 60(b) (made applicable in the main bankruptcy case by Fed. R. Bankr. P. 9024). Since the order granting the exemption was entered more than one year before the order to show cause, the only permissible grounds for reconsideration are Rule 60(b)(5) (where a judgment is "based on an earlier judgment that has been reversed or vacated") or Rule 60(b)(6) (for "any

other reason that justifies relief."), both of which courts have applied only narrowly.[2] See Fed. R. Civ. P. 60(c)(1); see Comfort v. Lynn Sch. Comm., 541 F. Supp. 2d 429, 431-32 (D. Mass. 2008)("The First Circuit has explained that the language of this clause of Rule 60(b)(5) is to be construed narrowly."); In re Scott, 2009 Bankr. LEXIS 2887, at *12 (Bankr. D. Idaho  Sept. 10, 2009) (courts have construed Rule 60(b)(6) "strictly").

Therefore, even though in hindsight this court might have ruled differently on the objection to exemption today, it will nevertheless respect the finality of judgments and not alter its prior ruling.  See Biggins v. Hazen Paper Co., 111 F.3d 205, 212 (1st Cir. 1997)("Decisions constantly are being made by judges which, if reassessed in light of later precedent, might have been made differently; but a final judgment normally ends the quarrel.").

## III.  UNCONTESTED FACTS

The following facts are uncontested pursuant to Rule 56 and Local Civil Rule 56, made applicable to these proceedings through Bankruptcy Rule 7056 and Local Bankruptcy Rule 1001-1(b) and (d):

On December 28, 1976, Mr. Rentas and Ms. Hernandez purchased as community property a home in the Santa Teresita urbanization in Ponce, Puerto Rico, for the price of $26,110.00.  On January 27, 2012, a homestead deed was executed on the property.  On March 23, 2012, Mr. Rentas filed for bankruptcy.  While Mr. Rentas and Ms. Hernandez have been separated for many years, they remain married.

---

[2] A third grounds for reconsideration, under Rule 60(b)(4), permits a court to  relieve a party from a final judgment that is void.  Fed. R. Civ. P. 60(b)(4).   But that is inapplicable to this case.

5

### IV. SUMMARY JUDGMENT STANDARD

The standard for summary judgment is well-known. Pursuant to Rule 56, made applicable to these proceedings by Bankruptcy Rule 7056, summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). The moving party bears the burden of showing that "no genuine issue exists as to any material fact" and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. P.R. Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

Once a properly supported motion has been presented before the court, the opposing party "can shut down the machinery only by showing that a trial-worthy issue exists" that would warrant the court's denial of the motion for summary judgment. McCarthy v. Northwest Airlines, 56 F.3d 313, 315 (1st Cir. 1995). For issues where the opposing party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." Id. However, not every factual dispute is sufficient to frustrate summary judgment; the contested fact must be material and the dispute over it must be genuine. Id. An issue is "genuine" if it could be resolved in favor of either party. A fact is "material" if it is potentially outcome-determinative. See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all

reasonable inferences in that party's favor." <u>Griggs-Ryan v. Smith</u>, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." <u>Medina-Muñoz v. R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) . . . ." <u>Greenburg v. P.R. Mar. Shipping Auth.</u>, 835 F.2d 932, 936 (1st Cir. 1987); <u>see also</u> <u>Mulero-Rodríguez v. Ponte, Inc.</u>, 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury.") (quoting <u>Petitti v. New England Tel. & Tel. Co.</u>, 909 F.2d 28, 34 (1st Cir. 1990)).

### V. APPLICABLE LAW AND DISCUSSION

In this case, the trustee is seeking authorization from the court to sell the Ponce property free and clear of all liens. The court first notes that there do not appear to be any liens on the property. Furthermore, while the complaint requests relief under section 363(h), the court finds that the property in question is the debtor's community property, and thus, under Puerto Rico case law, no additional authorization is required for the trustee to administer it. <u>See</u> 11 U.S.C. § 704(a)(1).

Section 363(h) permits a trustee to sell both the estate's interest as well as the interest of a co-owner of the property, if, at the commencement of the case, the debtor held an undivided interest in the property as a tenant in common, joint tenant, or tenant in the

entirety, provided that several significant conditions are met.[3] 11 U.S.C. § 363(h). The trustee must also give the non-debtor co-owner a right of first refusal, and must distribute to the co-owner a portion of the proceeds of the sale, less certain administrative expenses. 11 U.S.C. § 363(i) & (j).

However, as this court stated in Rentas v. Maldonado Serrano (In re Santiago Rosa), 519 B.R. 575 (Bankr. D.P.R. 2014):

> Section 363(h) . . . does not apply to the use, sale, or lease of community property. In re Hendrick, 45 B.R. 976, 987-88 (Bankr. M.D. La. 1985). Rather, all interests of the debtor and debtor's spouse in community property are considered property of the estate to the extent that the property is either "under the sole, equal, or joint management and control of the debtor," or "liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable." 11 U.S.C. § 541(a)(2)(A) & (B).

Maldonado Serrano, 519 B.R. at 579-80. This has the effect, as explained in more detail in that case, that "where one spouse files for bankruptcy in Puerto Rico, all of the debtor's property plus any community property in which the debtor has an interest automatically becomes property of the estate." Id. at 580. So, the trustee does not need to move for a sale under section 363(h) provided that the Ponce property is community property in which the debtor has an interest.

And it is. While Mr. Rentas and Ms. Hernandez have been separated for many years, they remain married under the law. See P.R. Laws Ann. tit. 31, § 301 ("Marriage is dissolved

---

[3]Namely, a sale under this section may be authorized only if (1) a partition in kind of the property among the estate and any co-owners is impracticable; (2) the estate would realize significantly less from a sale of the estate's undivided interest than from a sale of the property free of the co-owners' interests; (3) the benefit to the estate from the property's sale outweighs any detriment to the co-owners; and (4) the property "is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power." 11 U.S.C. § 363(h)(1)-(4).

in the following cases: (1) by the death of the husband or wife; (2) by divorce legally obtained; (3) if the marriage be declared null."). Therefore, the Ponce property remains the community property of Mr. Rentas and his non-filing spouse under section 541(a)(2)(A). See Maldonado Serrano, 519 B.R. at 578 (court found house was community property where debtor was divorced, but no partitioning of the conjugal community had yet taken place). And Mr. Rentas maintains an ownership interest in the property, listing it in schedule A. (Bankr. Dkt. No. 1.) As property of the estate, the trustee is then charged with liquidating the property in order to pay the estate's claims.

Just as in Maldonado Serrano, the court acknowledges that this may be a harsh consequence for the non-filing spouse, Ms. Hernandez, who is being forced to sell her residence despite not herself filing for bankruptcy. See Maldonado Serrano, 519 B.R. at 581. "The court is bound, however, by the provisions of the Bankruptcy Code and Rules." Id. And, the court's hands are tied by the fact that Ms. Hernandez has neither answered the complaint nor opposed the motion for summary judgment.

**VI. CONCLUSION**

Based on the foregoing, the trustee's motion for summary judgment at docket number 17 is GRANTED. The trustee's authorization to administer the Ponce property, however, comes not from section 363(h), but rather from sections 704(a)(1) and 726(c). The court finds that the Ponce property constitutes property of the estate under section 541(a)(2), allowing the trustee to administer the property and distribute the proceeds pursuant to section 726(c). However, because section 726(c)(1) provides that administrative expenses are paid either from the community property sub-estate or from other property of the estate, "as the interest

9

of justice requires," the court orders the trustee to file a motion, prior to any distribution, asking for approval of the proposed claim classification and distribution scheme.

SO ORDERED.

In Ponce, Puerto Rico, this 29th day of June 2017.

Edward A. Godoy
U.S. Bankruptcy Judge